**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **MICHAEL W. JACKSON d/b/a** | § | |
| **SAN AUGUSTINE DRUG COMPANY** | § | |
| **AND DEBRA JACKSON** | § | |
| *Plaintiffs,* | § | |
| | § | |
| Vs. | § | **CIVIL ACTION NO. 9:26-CV-00112** |
| | § | |
| **PHARMACISTS MUTUAL** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant.* | § | |

# PLAINTIFFS' SECOND AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, **Michael W. Jackson**, d/b/a **San Augustine Drug Company,** and **Debra Jackson,** Plaintiffs in the above-entitled and numbered cause, complaining of Defendant, **Pharmacists Mutual Insurance Company**. Plaintiffs bring this civil action before the United States District Court for the Eastern District of Texas against Defendant. Plaintiffs file this Second Amended Complaint in accordance with the Court's Orders to add additional Causes of Action and/or to reflect Defendant's violations of Texas statutory authorities.

## I.
## PARTIES

1. Plaintiffs are Michael W. Jackson d/b/a San Augustine Drug Company and Debra Jackson who live in San Augustine County, Texas and can be contacted through the undersigned attorney.

2. Pharmacists Mutual Insurance Company, Defendant, is a company that can be served through its counsel of record, Mary-Ellen King, Lucosky Brookman L.L.P., 1250 S. Capital of Texas Highway, Bldg. 3, Ste. 400 Austin, Texas 75746.

## II.
## JURISDICTION

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs. Plaintiffs are citizens of San Augustine, Texas.

Defendant is an insurance company whose primary place of business is located in Algona, Iowa.

## III.
## VENUE

4. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV.
## FACTS

5. Plaintiffs purchased a diamond ring and bracelet on or about May 19, 2019.

6. The purchase price of the Crown of Light ring was $133,900.00 and the Crown of Light bracelet was $161,000.00. The total value of the jewelry without appreciation was $294,900.00.

7. Plaintiffs are still making payments on the jewelry to date.

8. Plaintiffs contacted Defendant specifically to insure this jewelry due to its value exceeding $200,000.00.

9. On May 18, 2020, Plaintiff Mike Jackson called Pharmacists Mutual Insurance Company to increase his existing business contents property insurance from $347,200 to $547,200, specifically requesting to cover the jewelry.

10. During the May 18, 2020 phone call, Mike Jackson informed the Defendant's representative, Ms. Ashley Lane, of the value of the jewelry, requested an increase of $200,000 on the business contents property limits to specifically cover the jewelry, and was informed it was increased and covered the jewelry. That call is confirmed in Defendant's "policy journal" document.

11. The insurance representative did not inform Mr. Jackson about any restrictions on coverage for the jewelry, or as to where the items had to be kept.

12. The jewelry was on display for sale at the pharmacy until a burglary of other items occurred at the business.

13. Plaintiffs elected to bring the jewelry home every weekend to prevent potential theft.

14. The jewelry was damaged in a fire at Plaintiffs' home on January 19, 2025.

15. When Plaintiffs filed a claim for the jewelry on their insurance with Defendant, the claim was denied.

16. Defendant stated that the items would be covered if they were damaged at the pharmacy location or on someone else's property, but not in the Jacksons' home.

17. If Plaintiffs had prior knowledge of such restrictions, they would not have moved the items from the pharmacy and/or would have sought additional coverage either with Defendant or another company.

18. Plaintiffs had no reason to believe that the jewelry for which they purchased insurance coverage would not be covered while in their possession and at their home.

19. Defendant never informed Plaintiffs of any restrictions on coverage for the jewelry, much less on the location of the jewelry making a difference.

20. Prior to January 19, 2025, Plaintiffs never received a copy, signed or unsigned, of their insurance policy outlining its limits on coverage.

21. Defendant first produced a copy of an unsigned policy after the claim had been denied.

22. Plaintiffs relied on Defendant's agent's representations related to their insurance coverage to their detriment.

## V.
## CONDITIONS PRECEDENT

23. All conditions precedent to Plaintiffs' claim for relief have been performed or have occurred.

## VI.
## CAUSES OF ACTION

### A. BREACH OF CONTRACT:

24. To the extent not inconsistent herewith, Plaintiffs incorporate by reference the facts made in paragraphs 5 through 22 as if set forth fully herein.

25. A valid contract exists between Plaintiffs and Defendant because Plaintiffs requested an increase in business contents coverage by $200,000 for newly purchased jewelry, Defendant agreed to and implemented the increase (thereby accepting additional premium consideration), and these mutual actions created an enforceable contract under Texas law.

26. Plaintiffs, as insureds, have privity of contract with Defendant insurer and suffered direct harm from the claim denial, satisfying Article III standing (U.S. Const. art. III, § 2).

27. Plaintiffs fully performed their contractual obligations by paying all required premiums for the original business contents coverage and the increased $200,000 business contents coverage and complied with post-loss obligations, such as filing the jewelry damage claim.

28. Defendant breached by wrongfully denying the claim based on an undisclosed location restriction in an unsigned policy never received by Plaintiffs, violating the agreement to provide the requested coverage.

29. Plaintiffs suffered actual damages exceeding $200,000 from the denied claim, including the jewelry's replacement value, lost business use, and related economic losses.

30. Under Texas law, an insured is entitled to rely on an insurer's or its agent's representations regarding the scope of coverage, and Texas courts have refused to allow an insurer to avoid coverage by invoking exclusions where the insurer represented that the requested risk was covered. See, e.g., *Royal Globe Ins. Co. v. Bar Consultants, Inc*., 577 S.W.2d 688 (Tex. 1979).

**B. <u>COMMON LAW FRAUD / FRAUDULENT INDUCEMENT:</u>**

31. To the extent not inconsistent herewith, Plaintiffs incorporate by reference the facts made in paragraphs 5 through 22 as if set forth fully herein.

32. Defendant represented that it had increased Plaintiffs' business contents coverage by $200,000 for the jewelry, expressly and through conduct in accepting premiums, while concealing the undisclosed location restriction in the unsigned policy.

33. The representation was material because Plaintiffs would not have purchased or relied on the coverage increase had they known of the location restriction limiting protection to business premises only.

34. The representation was false, as the coverage under Defendant's policy language did not extend to Plaintiffs' home where the damage occurred, and Defendant acted with reckless disregard by failing to disclose limitations despite its duty to inform upon increasing the coverage for the jewelry.

35. Defendant intended for Plaintiffs to rely on the coverage confirmation by processing the increase, collecting premiums, and not providing policy documents or warnings, inducing Plaintiffs to believe full protection applied.

36. Plaintiffs justifiably relied on Defendant's confirmation by temporarily taking the jewelry home under the belief of coverage and filing a claim after the jewelry was damaged.

37. Plaintiffs suffered damages exceeding $200,000, including the jewelry's value and consequential losses, proximately caused by reliance on the fraudulent representation.

38. In *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex. 1998), the Texas Supreme Court made clear that misrepresentations of the terms or existence of insurance coverage are actionable as deceptive insurance practices and common-law fraud.

**C. <u>FRAUD BY NONDISCLOSURE:</u>**

39. To the extent not inconsistent herewith, Plaintiffs incorporate by reference the facts made in paragraphs 5 through 22 as if set forth fully herein.

40. Defendant failed to disclose the location restriction clause when confirming the $200,000 coverage increase for jewelry and never delivered a policy copy with such language.

41. As an insurer, Defendant had a duty to disclose material policy limitations, especially when adjusting coverage and accepting premiums without providing policy documents or warnings.

42. The location restriction used as the basis for the claim denial was material, as it excluded coverage for damage at Plaintiffs' home, fundamentally altering the coverage Plaintiffs sought and paid for.

43. Defendant knew or should have known Plaintiffs were ignorant of the restriction, having not received any policy or notice of limitations during the increase coverage process.

44. Defendant remained deliberately silent despite its duty to speak, producing the unsigned policy only post-loss and demand to justify denial.

45. By silence and premium acceptance, Defendant intended Plaintiffs to rely on the coverage confirmation as providing full protection for the jewelry.

46. Plaintiffs justifiably relied by believing the jewelry was covered at their home and filing a claim upon damage.

47. Plaintiffs suffered over $200,000 in damages, including jewelry value and economic losses, caused by the nondisclosure.

**D. GENERAL NEGLIGENCE:**

48. To the extent not inconsistent herewith, Plaintiffs incorporate by reference the facts made in paragraphs 5 through 22 as if set forth fully herein.

49. Defendant, as the insurer, had a duty of reasonable care to accurately confirm the $200,000 business contents coverage increase, provide policy documents, and disclose exclusions upon request and premium payment.

50. Defendant breached this duty by confirming coverage without disclosing or delivering the policy containing the location restriction, leading Plaintiffs to believe the jewelry was covered at home.

51. Defendant's breach proximately caused Plaintiffs injury, including over $200,000 in uncovered jewelry damage and related economic losses from the wrongful claim denial.

**E. NEGLIGENT MISREPRESENTATION:**

52. To the extent not inconsistent herewith, Plaintiffs incorporate by reference the facts made in paragraphs 5 through 22 as if set forth fully herein.

53. Defendant represented, through confirmation and premium acceptance, that the $200,000 coverage increase provided protection for the jewelry without any disclosure of limitations on coverage.

54. The information was false because the coverage was restricted to business premises, excluding damage at Plaintiffs' home, as later revealed in the unsigned policy.

55. Defendant failed to exercise reasonable care by not disclosing the restriction or delivering the policy upon increasing coverage, despite its superior knowledge as insurer.

56. Plaintiff justifiably relied on the representation by storing the jewelry at home under the belief of coverage and filing a claim post-damage.

57. Plaintiff suffered economic injury exceeding $200,000, including the jewelry's value and consequential losses from the denied claim.

58. Under Texas law, an affirmative misrepresentation of insurance coverage can support a claim for misrepresentation-based relief, including under the DTPA and Texas Insurance Code. See *Wyly v. Integrity Ins. Solutions*, 502 S.W.3d 901 (Tex. App.—Houston [14th Dist.] 2016, no pet.)

## F. <u>DECEPTIVE TRADE PRACTICES:</u>

59. Plaintiffs would show that Defendant engaged in false, misleading, and deceptive acts, practices, and omissions that are actionable under the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"), Texas Business and Commerce Code, Chapter 17 et seq.

60. To the extent not inconsistent herewith, Plaintiffs incorporate by reference the facts made in paragraphs 5 through 22 as if set forth fully herein.

61. Plaintiffs are a "consumer" under Tex. Bus. & Com. Code §17.45(4) as the purchaser of insurance goods/services for business use, qualifying for DTPA protection.

62. Defendant, as an insurer providing services in Texas, can be sued under the DTPA, which explicitly incorporates Insurance Code Chapter 541 violations.

63. Defendant committed acts under Tex. Bus. & Com. Code §17.46(b)(5),(12),(24) by representing the coverage increase provided jewelry protection without disclosing the material location restriction, at a minimum causing confusion about coverage scope.

64. Defendant violated Texas Insurance Code §541.060(a)(1) by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue.

65. Defendant violated Texas Insurance Code §541.061(2),(3) by failing to state a material fact necessary to make other statements made not misleading and/or making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

66. Defendant's actions led to actual damages exceeding $200,000 from the denied claim, including jewelry value and economic losses, satisfying DTPA's reliance/proximate cause requirement.

67. Under Texas law, an insurer may be held liable under the DTPA when its agent's statements mislead an insured into falsely believing that a requested risk is covered. See *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688 (Tex. 1979).

## G. PROMISSORY ESTOPPEL:

68. To the extent not inconsistent herewith, Plaintiffs incorporate by reference the facts made in paragraphs 5 through 22 as if set forth fully herein.

69. Defendant made clear and definite representations, statements, and/or promises to Plaintiffs regarding the scope, existence, and availability of insurance coverage for the jewelry at issue, including assurances that the loss would be covered under the Policy and that Defendant would honor its obligations in the event of a claim.

70. Defendant reasonably expected and intended that Plaintiffs would rely on these promises, and Plaintiffs did in fact substantially and detrimentally rely on them by purchasing and maintaining insurance, refraining from seeking alternative or additional coverage, and taking actions consistent with the belief that coverage would be provided for the jewelry loss at issue.

71. Plaintiffs' reliance on Defendant's promises was foreseeable and justified and resulted in substantial injury when the jewelry was damaged and Defendant refused to perform as promised and denied coverage.

72. Injustice can only be avoided by enforcing Defendant's promises, and Plaintiffs therefore seek recovery to the extent allowed by law for all losses described herein.

## H. VIOLATIONS OF TEXAS INSURANCE CODE 525:

73. To the extent not inconsistent herewith, Plaintiffs incorporate by reference the facts made in paragraphs 5 through 22 as if set forth fully herein.

74. Texas Insurance Code 525.002(a) requires that "an insurer… shall deliver a policy issued by the insurer to the policyholder, or to the insurer's agent for delivery to the policyholder."

75. Defendant did not provide Plaintiffs with a copy of their insurance policy until after their claim had been denied.

76. Defendant failed to comply with their obligations as an insurer under Texas Insurance Code 525.002(a).

## I. VIOLATIONS OF TEXAS INSURANCE CODE 541:

77. To the extent not inconsistent herewith, Plaintiffs incorporate by reference the facts made in paragraphs 5 through 22 as if set forth fully herein.

78. Texas Insurance Code 541.060(a) states that it is an unfair or deceptive act or practice in the business of insurance to: (1) "Misrepresent to a claimant a material fact or policy provision relating to coverage at issue."

79. Texas Insurance Code 541.061 states that it is an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by: (2) "Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made"; (3) "Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact."

## VII.
## DAMAGES

80. As a direct and proximate result of Defendant's conduct alleged herein, Plaintiffs have suffered damages in an amount of at least $294,900 and additional amounts up to the value of the jewelry at the time of loss, plus additional damages, interest, and costs, and may seek further damages in excess of that amount as proved at trial.

81. Plaintiffs' damages include, but are not limited to, the unpaid coverage and benefits that should have been paid under the insurance, additional out-of-pocket expenses, loss-of-use damages, and other consequential damages arising from Defendant's denial and handling of the claim.

## VIII.
## ATTORNEY FEES

82. Plaintiffs also seek recovery of reasonable and necessary attorneys' fees, costs, and expenses as allowed by Texas law, including, but not limited to, the Tex. Civ. Prac. & Rem. Code §38.001(8), Texas Deceptive Trade Practices–Consumer Protection Act, Tex. Bus. & Com. Code § 17.50(b), and the Texas Insurance Code provisions cited herein.

## IX.
## PRAYER

83. For these reasons, Plaintiff asks for judgment against Defendant for the following:
    i. $294,900.00 cost of the jewelry and additional amounts up to the value of the jewelry at the time of loss, resulting from Defendant's breach;
    ii. Reasonable and necessary attorney fees;
    iii. Prejudgment and post judgment interest;
    iv. Costs of suit; and
    v. All other relief supported by law and that the Court or jury deems appropriate.

Respectfully submitted,

FAIRCHILD, PRICE, HALEY & SMITH, L.L.P.
P. O. Drawer 631668
Nacogdoches, Texas 75963-1668
(936) 569-2327 Telephone
(936) 569-7932 Facsimile

By: ______________________________
Russell R. Smith, Bar No. 18682310
rsmith@fairchildlawfirm.com
ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above foregoing instrument has been served via CM/ECF electronic filing, in accordance with the Federal Rules of Civil Procedure, on June 24, 2026, to the following counsel of record:

LUCOSKY BROOKMAN L.L.P.
Mary-Ellen King
State Bar No. 24067219
1250 S. Capital of Texas Highway
Bldg 3, Ste. 400
Austin, Texas 78746
Telephone: (512) 298-1182
Fax: (732) 395-4401
meking@lucbro.com
ATTORNEY FOR DEFENDANT

**Russell R. Smith**